UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY COLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:17-cv-04278-JMS-DLP |
| ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Anthony Cole for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-06-0030. For the reasons explained in this Entry, Mr. Cole's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224

F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

**B.     The Disciplinary Proceeding**

On June 3, 2017, Correctional Officer R. Cochran wrote a Conduct Report charging Mr. Cole with assault on staff. The Conduct Report states:

> I Officer R. Cochran told Offender Cole, Anthony to go to his cell 23-5b after a shower. Ofd. Cole then refused to go to lock in. After several attempts of ordering Ofd. Cole to go to his cell I ordered him to cuff up. He then refused to cuff up and started to get aggressive. I ordered him to cuff up and when he refused again I then applied a one second burst of O.C. on target. Ofd. Cole then charged at me and hit me on my left side of the head.

Dkt. 8-1, p. 1.

A report of use of physical force was completed by Officer Cochran setting forth the same statement as in the Conduct Report. Dkt. 8-1, p. 2. There are also several photographs of two individuals (presumably Officer Cochran and Mr. Cole) attached to the Conduct Report. Dkt. 8-1, pp. 3-7. Mr. Cole was notified of the charge on June 12, 2017, when he received the Screening Report. He pleaded not guilty to the charge, requested a lay advocate, and requested Officer Holmes as a witness. He also requested two inmates as witnesses and identified them by their cell number – two inmates from 5B.

Mr. Cole checked the box requesting physical evidence and in the box to describe the evidence he wanted, he wrote: "Video review – he never told me to cuff-up." He also requested the Adult Disciplinary Policy and Procedures (ADP). Mr. Cole was advised to obtain the ADP from the library. Dkt. 8-2.

Offender Keith Gross, cell 1-5B, provided the following statement: "I am the range detail worker for 5B in HCH. I overheard Officer [Cocheran] telling Anthony Cole to cuff up after Cole asked to speak with [unintelligible] asked why are you telling me to cuff up when I just wanted to talk to [unintelligible] at this point Ofc. [Cocheran] began spraying Cole with his pepper spray and I observed Cole attempt to cover his fore [sp?] and eyes and at this time Officer [Cocheran] began to restrain Cole. Quickly into restraining Cole Officer Hamilton came to assist Officer [Cocheran] and they restrained Cole." Dkt. 8-3, p. 3.

Offender Albert Hardister, cell K6-1-7UP, provided the following statement: "He was on his way to his cell when the officer stop him. They talk for a while then the officer said put your hands behind your back after Cole ask for the Lt." Dkt. 8-3, p. 4.

Offender Carl Gilbert, lay advocate, provided the following statement:

"Mr. Cole asked for the following;

1. The right to a fair hearing before impartial decision makers.

2. The right to a written copy of findings of fact, medical records, and medical reports. Video." Dkt. 8-3, p. 5.

Finally, Officer Holmes provided a statement: "On the date of 6-3-2017, I, Ofc. Jerry Holmes, was in PIC in H cellhouse. While trying to complete my duties, I heard loud chanting coming from the top range. Once I arrived at the top range I observed Ofc. Kockran and Ofc. Hamilton attempting to restrain Offender Cole. I then call a signal 10 to H cellhouse and then I assisted my follow officers." Dkt. 8-3, p. 6.

After several postponements, the disciplinary hearing was held on July 12, 2017. Mr. Cole provided the following statement: "I requested a statement from my lay advocate for my facts that

I'm being refused officer's medical records and the incident report. I never assaulted that officer. I'm asking for an impartial [decision] maker. In your video review you already said that I attacked him." The summary of video recording stated: "The video was reviewed. I, M. Stamper did the video review. Video reviews do not have audio so whatever is being said I cannot confirm or deny. However, I can confirm offender Cole #988192 attack[ed] the officer. Offender Cole #988192 assigned to cell 23-5B at the time of the incident." Dkt. 8-3, p. 2.

Based on the staff reports, the video review, and pictures, the hearing officer found Mr. Cole guilty of assault on staff. The grievous sanctions imposed included 100 days of earned credit-time deprivation and demotion in credit class from 1 to 2. The non-grievous sanctions included restitution payments of "any medical bills." Dkt. 8-3.

Mr. Cole appealed to the Facility Head and his appeal was denied. Dkt. 7-4. He appealed to the Indiana Department of Correction (IDOC) Final Reviewing Authority and his appeal was denied. Dkt. 7-5. Mr. Cole then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Cole raises four grounds, all of which he frames as due process violations under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 12 and 13 of the Indiana Constitution. The Court's review in this action is limited to due process claims based on the Fourteenth Amendment. He also alleges a violation of the Indiana Adult Disciplinary Policy and Procedures (ADP).

Ground 1 - Denial of Evidence:

Though not entitled to the "full panoply of rights" provided in criminal proceedings, *Wolff*, 418 U.S. at 56, prisoners subject to disciplinary proceedings in which a liberty interest is at stake "must be allowed to present relevant evidence, including witness testimony, unless it is cumulative or unduly threatens the security of the facility." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016).

First, Mr. Cole alleges his due process rights were violated because he was denied documentary evidence. More specifically, he states he requested the incident report, the medical injury report, and/or pictures of injuries Officer Cochran sustained in the assault. Dkt. 1, p. 3.

Mr. Cole is not clear as to the precise incident report that he was not provided. Nonetheless, he did receive a copy of the Conduct Report and the report of use of physical force. Also attached to the Conduct Report were photographs of two individuals (presumably Officer Cochran and Mr. Cole). Dkt. 8-1, pp. 3-7. The photograph of Officer Cochran shows that his left eye has a dark circle below it. Mr. Cole also received a copy of the video summary.

Mr. Cole also argues that because his sanctions included restitution of medical expenses, he is entitled to the medical injury report. However, this sanction is non-custodial. *See i.e., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for

rehabilitative programs). When no recognized liberty or property interest has been taken, which is the case here with respect to the restitution claim, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

Finally, Mr. Cole also alleges his due process rights were violated because he was not provided a copy of the findings of fact. To bolster this argument, Mr. Cole sets forth his version of events that occurred that day, which included an allegation that he acted in self-defense. The hearing officer found that Mr. Cole assaulted Officer Cochran by a preponderance of the evidence. Mr. Cole was provided with a copy of the report of disciplinary hearing. To satisfy *Wolff*, the required detail for a hearing officer's written statement "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987). And when "there is no mystery" about the decision maker's reasoning process, even a written statement of "extreme brevity" will not be "so deficient as to create error of constitutional magnitude." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Here, every piece of evidence the hearing officer relied on confirmed that Mr. Cole assaulted Officer Cochran, and the hearing officer did not need to respond to Mr. Cole's purported defense because provocation does not excuse alleged self-defense. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (noting that inmates do not have constitutional right to raise self-defense when accused of misconduct); *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007) (same); *Rowe v. DeBruyn*, 17 F.3d 1047, 1052–53 (7th Cir. 1994) (same).

### Ground 2 – Written Statement and Prior Notice:

Second, Mr. Cole alleges a violation of his due process rights because he was not provided a written statement of the evidence the hearing officer relied on and he was not screened within 24 hours of the conduct alleged in the conduct report.

Mr. Cole's claim that he was not provided a written statement of the evidence the hearing officer relied on is without merit and a repeat of the issues raised in Ground 1. The report of disciplinary hearing states that the hearing officer relied on: staff reports, video review, and pictures. The staff reports include the Conduct Report which Mr. Cole received at screening and the report of use of physical force. The pictures the hearing officer relied on were attached to the Conduct Report. Dkt. 8-1, pp. 3-7. Similarly, the hearing officer provided a summary of the video recording two days before the hearing. Dkt. 8-3, p. 2. As such, Mr. Cole did receive a copy of the evidence the hearing officer relied on. He does not otherwise identify any evidence that he allegedly did not receive.

Mr. Cole's assertion, that he was not screened within 24 hours of the incident based on IDOC policy is not a cognizable claim recognized in habeas proceedings. *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). As such, Mr. Cole is not entitled to relief on this basis.

### Ground 3 – Impartial Hearing Officer:

Next, Mr. Cole alleges a due process violation based on his claim that the hearing officer was not impartial because she disregarded his witness statements, and the physical, video, and documentary evidence.

A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). Mr. Cole's claim of a biased hearing officer is based on his allegation that the hearing officer disregarded the evidence and found him guilty. However, the hearing officer considered the staff reports, which included the Conduct Report, the video of the assault, and pictures. While she did not rely on the witness statements, she did consider them. Moreover, the video evidence and Conduct Report are "some evidence" to support the guilty finding. Witness evidence from offenders would not change this insurmountable evidence in this case. The Court has reviewed the video evidence and it shows Mr. Cole approach Officer Cochran in a menacing manner and strike him about the head, after being sprayed with pepper spray. Dkt. 13. The fact that Mr. Cole disagrees with the hearing officer's decision is insufficient to show bias. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). Mr. Cole is not entitled to relief on this basis.

### Ground 4 – Failure to Consider Evidence:

Finally, Mr. Cole alleges a due process violation because the hearing officer failed to call his witnesses that would have provided evidence that he was not guilty of assault on staff. While

the hearing officer did not rely on his witness statements in finding Mr. Cole guilty, she did consider them. Dkt. 8-3, p. 1. Four witnesses, including Officer Holmes, provided statements setting forth their version of the events. Dkt. 8-3, pp. 3-5. Although the hearing officer did not rely on statements from offenders that contradicted the video evidence, he was permitted to submit witness statements, and they were considered.

Mr. Cole argues that he requested that Officer Hamilton be called as a witness. He argues that had Officer Hamilton been called as a witness he would have provided evidence that would change the outcome of the guilty finding. Dkt. 1, p. 6. Officer Hamilton's name appears on the screening report as a witness but it is crossed out. There is no indication in the record when or why Officer Hamilton's name was crossed out. Nonetheless, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). While Mr. Cole states that Officer Hamilton's would have provided evidence that would change the outcome of the guilty finding, he does not state what that evidence is. Any denial of Mr. Cole's right to call Officer Hamilton as a witness is harmless because he failed to specify how the evidence could have aided his defense. *See Jones,* 637 F.3d at 847; *Piggie*, 342 F.3d at 666.

Because Mr. Cole was permitted to present witnesses in his defense, there was no due process violation in this regard. A prisoner has a limited right to present witnesses and evidence in his defense, and in this instance Mr. Cole was provided that right. *Wolff,* 418 U.S. at 566. Mr. Cole is not entitled to relief on this basis.

As a final manner, while the summary of the argument in each of Mr. Cole's grounds alleges a policy violation of the ADP, such violations do not state a claim for federal habeas relief. The claims that prison authorities failed to follow various policies before and during the challenged disciplinary proceeding are summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester*, 966 F. Supp. at 774-75. In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67–68.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Cole to the relief he seeks. Accordingly, Mr. Cole's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 6/1/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ANTHONY COLE
988192
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov